# In the United States Court of Federal Claims

No. 16-346C
Filed Under Seal: May 21, 2020
Reissued: August 3, 2020[*]
NOT FOR PUBLICATION

| | |
|---|---|
| GEOSPATIAL TECHNOLOGY ASSOCIATES, LLC, ) ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) ) | Motion to Dismiss; RCFC 12(b)(6); Failure To State A Claim; RCFC 12(e); Motion For A More Definite Statement; RCFC 8(a); 28 U.S.C. § 1498; Patent Infringement; Copyright Infringement. |

*Richard T. Matthews*, Counsel of Record, Williams Mullen, P.C., Raleigh, NC, for plaintiff.

*Jenna Munnelly*, Trial Attorney, *Gary L. Hausken*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

I.   **INTRODUCTION**

In this patent and copyright infringement action, Geospatial Technology Associates, LLC ("GTA") alleges that the United States has infringed upon one or more of the claims of U.S. Patent No. 8,897,489, (the "'489 Patent") and upon GTA's registered copyright rights in certain software code (the "NINJA.pro Copyright"). *See generally* 4th Am. Compl. The government

---

[*] This Memorandum Opinion and Order was originally filed under seal on May 21, 2020 (ECF No. 184). The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted from the Memorandum Opinion and Order. The government filed a status report on July 31, 2020 (ECF No. 202) proposing certain redactions which the Court has adopted. And so, the Court is reissuing its Memorandum Opinion and Order, dated May 21, 2020, with the redactions indicated by three consecutive asterisks within brackets ([* * *]).

has moved to dismiss these infringement claims for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. In the alternative, the government moves for an order requiring GTA to provide a more definite statement regarding its infringement claims, pursuant to RCFC 12(e). *Id.* at 12. For the reasons set forth below, the Court **GRANTS-IN-PART** the government's motion to dismiss, or, in the alternative, for a more definite statement.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

In this patent and copyright infringement action, GTA alleges that several government agencies, programs, platforms and sensors have used software algorithms and software code that utilize the claimed subject matter of the '489 Patent and infringe upon one or more claims of the '489 Patent. *See generally* 4th Am. Compl. GTA also alleges that these government agencies, programs, platforms and sensors infringe upon its NINJA.pro Copyright. *Id.* As relief, GTA seeks to recover monetary damages from the government. 4th Am. Compl. at Request for Relief.

#### 1.  The '489 Patent

As background, the '489 Patent patents technology involving automated image processing and target detection. *See generally* '489 Patent. This patent was filed on January 28, 2011, and it relates back to provisional application No. 61/337,065, which was filed on January 29, 2010. *Id.*

William Basener is the sole listed inventor of the '489 Patent. *Id.* On November 25, 2014, the United States Patent and Trademark Office ("USPTO") issued the '489 Patent to the Rochester Institute of Technology ("RIT"). *Id.* Thereafter, RIT and GTA entered into an exclusive license agreement, whereby RIT transferred all substantial rights in the '489 Patent,

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the fourth amended complaint ("4th Am. Compl."); the '489 Patent; the government's motion to dismiss, or, in the alternative, for a more definite statement ("Def. Mot.") and the exhibits attached thereto ("Def. Ex."); and GTA's response and opposition to the government's motion to dismiss, or, in the alternative, for a more definite statement ("Pl. Resp."). Except where otherwise noted, all facts recited herein are undisputed.

including copyright rights in the NINJA.pro software, to GTA on November 12, 2015. 4th Am. Compl. at ¶¶ 20-23; 30.

The invention, as described in the '489 Patent abstract, is as follows:

> A method, non-transitory computer readable medium, and apparatus that provides object-based identification, sorting and ranking of target detections includes determining a target detection score for each pixel in each of one or more images for each of one or more targets. A region around one or more of the pixels with the determined detection scores which are higher than the determined detection scores for the remaining pixels in each of the one or more of images is identified. An object based score for each of the identified regions in each of the one or more images is determined. The one or more identified regions with the determined object based score for each region is provided.

'489 Patent at 1. Figure 2 of the '489 Patent provides an exemplary example of the method for target detection as shown below:



FIG. 2

*Id.* at 3.

The '489 Patent also provides that the method for target detection involves five steps. *See id.* at 4:45-6:27. First, obtaining the images. *Id.* at 4:45-4:50. Second, applying a target

3

detection algorithm to determine a target detection score for each pixel. *Id.* at 4:51-4:60. Third, determining an object-based score for identified regions from the determined target detection scores, although other types of scores for other identification aspects could be determined. *Id.* at 5:3-5:10. Fourth, obtaining geographic location information associated with each of the images at capture. *Id.* at 6:5-6:11. Lastly, the fifth step involves providing one or more identified regions with the determined object-based score for each region. *Id.* at 6:16-6:27.

The '489 Patent also provides that each step of the process described above is performed using the exemplary example of the target detection processing apparatus contained in the '489 Patent as shown below:



FIG. 1

*Id.* at 2.

### 2. The NINJA.pro Copyright

The United States Copyright Office has issued U.S. Copyright Registration No. TX 8-420-604, bearing an effective registration date of July 15, 2017, for work entitled "Methods for Object-Based Identification, Sorting and Ranking of Target Detection and Apparatuses Thereof." 4th Am. Compl. at Ex. 2. William Basener is identified as the author of the computer program that is the subject of this copyright. *Id.* GTA is identified as the copyright claimant on the certificate of registration. *Id.*

### 3. GTA's Infringement Allegations

In the fourth amended complaint, GTA alleges that the government:

> [B]y and through at least the National Geospatial-Intelligence Agency ("NGA"), the National Reconnaissance Office ("NRO"), the Department of the Army ("Army"), the Army Distributed Common Ground System ("DCGS" or "DCGS-A"), the Army Night Vision and Electronic Sensors Directorate ("NVESD"), the Army Forces Strategic Command ("ARSTRAT"), the Department of the Air Force ("Air Force"), the Air Force Research Laboratory ("AFRL"), the Air Force Distributed Common Ground System ("AF DCGS"), the Los Alamos National Laboratories ("LANL"), the Department of Energy ("DOE"), the Joint Improvised Explosive Device Defeat Organization ("JIEDDO"), Joint Improvised-Threat Defeat Agency ("JIDA"), the National Air and Space Intelligence Center ("NASIC"), the Department of the Navy ("Navy"), the Navy Space and Naval Warfare Systems Command ("SPAWAR"), the National Ground Intelligence Center ("NGIC"), the Naval Research Laboratory ("NRL"), the U.S. Geological Survey ("USGS"), the U.S. Special Operations Command ("USSOCOM"), and the Defense Advanced Research Projects Agency ("DARPA"), among other presently unidentified departments, branches, and/or agencies (collectively, the "Government"), uses and/or has used software algorithms, code, and systems that utilize the claimed subject matter of the patent-in-suit and infringe at least one claim of the '489 Patent, and/or infringe GTA's registered copyright rights in the NINJA.pro software code.

*Id.* at ¶ 15. GTA also alleges that the government has used:

> [A]t least eight named software packages and/or programs—including "FSTK" (an acronym for Full Spectrum Tool Kit), FSTK with "PRISM" (an acronym for probabilistic identification of solid materials), "GeoReplay," GeoReplay with PRISM, "GeoReplay-FX" (GeoReplay Full Spectrum Exploitation), Lobo, "HyperSEAL," and "GeoMATE"—and other presently unidentified software employing object-based identification, sorting, and ranking ("OBISR") algorithms covered by one or more claims of the '489 Patent and containing substantial portions of the copyrighted NINJA.pro software code.

*Id*. at ¶ 35. In this regard, GTA contends that the government has engaged in the "unauthorized copying, modification, distribution, and/or use of the computer program titled Methods for Object-based Identification, Sorting and Ranking ("OBISR") of Target Detection and Apparatuses Thereof, also known as the 'NINJA.pro' software code." *Id.* at ¶ 6. And so, GTA further contends that the government's alleged use of the aforementioned software "constitutes infringement of one or more claims of the '489 Patent and constitutes infringement of the copyrighted NINJA.pro software code." *Id*. at ¶ 35.

In addition, GTA alleges in the fourth amended complaint that [* * *].

5

Lastly, GTA contends that [* * *]. And so, GTA seeks, among other things, an award of damages sufficient to reasonably compensate it for the government's alleged infringement of the patent-in-suit and its copyrights by these agencies, programs, platforms and sensors. *Id.* at Request for Relief.

In this regard, the Court has defined the term "Government" to mean in this action the "Defendant United States of America, its employees, officials, agents, independent contractors, attorneys, representatives and affiliated persons or entities in the United States Department of the Air Force ("Air Force"), which shall include the National Air and Space Intelligence Center ("NASIC") and the Air Force Research Laboratory ("AFRL"); the United States Department of the Army ("Army"), which shall include the Army Night Vision and Electronic Sensors Directorate ("NVESD"), the National Ground Intelligence Center ("NGIC"), the NGIC Applied Remote Sensing ("NARS"), and the Army Distributed Common Ground System ("DCGS"); the United States National Geospatial-Intelligence Agency ("NGA"); the National Reconnaissance Office ("NRO"); the Joint Improvised Explosive Device Defeat Organization ("JIEDDO"); the United States Special Operations Command ("USSOCOM"); the Defense Advanced Research Projects Agency ("DARPA"); the Department of Energy ("DOE"); and Los Alamos National Laboratory ("LANL")." *See generally* Discovery and Scheduling Order, dated March 26, 2020.

### B.     Relevant Procedural Background

On November 5, 2019, the Court issued a Memorandum Opinion and Order granting-in-part the government's motion to dismiss and granting the government's motion for a more definite statement, dated June 10, 2019 (the "November 5, 2019, Decision"). *See generally Geospatial Tech. Assoc., LLC v. United States*, No. 16-346C, 2019 WL 6712094 (Fed. Cl. Nov. 5, 2019). In the November 5, 2019, Decision, the Court ordered, among other things, that GTA include the following information in a more definite statement regarding its infringement claims:

(1) the governmental entities and offices that GTA alleges have infringed upon the patent-in-suit or the copyright rights at issue;

(2) the governmental programs that GTA alleges have infringed upon the patent-in-suit or the copyright rights at issue; and

(3) the date on which the first use occurred with respect to the alleged infringement by each of the aforementioned governmental entities and/or programs.

*Id.* at *9.

On January 16, 2020, GTA filed a fourth amended complaint providing a more definite statement. *See generally* 4th Am. Compl. On February 28, 2020, the government filed a motion to dismiss the fourth amended complaint for failure to state a claim upon which relief can be granted, or, in the alternative, for a more definite statement. *See generally* Def. Mot. On March 27, 2020, GTA filed a response and opposition to the government's motion. *See generally* Pl. Resp. On April 10, 2020, the government filed a reply in support of its motion. *See generally* Def. Reply.

The government's motion to dismiss, or, in the alternative, for a more definite statement having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. RCFC 12(b)(6)

When deciding a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017) (citing *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014)). And so, to survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity" and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 678-79 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### B. RCFC 12(e) And RCFC 8(a)

Pursuant to RCFC 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party

cannot reasonably prepare a response." RCFC 12(e). A motion for a more definite statement "must point out the defects complained of and the details desired." *Id.* The Court may also order a more definite statement *sua sponte*. *Pinson v. U.S. Dep't of Justice*, 975 F. Supp. 2d 20, 26 (D.D.C. 2013). And so, this Court has exercised its authority to order a more definite statement of a claim, if the complaint is "so vague or ambiguous that the [United States] cannot reasonably prepare a response." *Gal-Or v. United States*, 93 Fed. Cl. 200, 205 (2010) (citing RCFC 12(e)).

Pursuant to RCFC 8(a)(2), a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a); *see also Chinsammy v. United States*, 95 Fed. Cl. 21, 23 (2010). The Court has held that "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Chinsammy*, 95 Fed. Cl. at 24 (citing *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998). Rather, a "plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" *Three S Consulting v. United States*, 104 Fed. Cl. 510, 523 (2012) (citing *Bell Atl. Corp*, 550 U.S. at 555). And so, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations omitted).

### C.     Patent And Copyright Infringement Claims Against The Government

Lastly, title 28, United States Code, section 1498(a) waives the government's sovereign immunity and provides a remedy "[w]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same . . . ." 28 U.S.C. § 1498(a); *see also Astornet Techs. Inc. v. BAE Sys., Inc.*, 802 F.3d 1271, 1277 (Fed. Cir. 2015). In this regard, Section 1498(a) provides that:

> [T]he owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

28 U.S.C. § 1498(a); *see also Astornet Techs. Inc.*, 802 F.3d at 1277. To have standing to bring a patent infringement action against the United States, a plaintiff must own the patent on which the infringement suit is based. *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1571-72

8

(Fed. Cir. 1997). A plaintiff owns a patent if that plaintiff is either: (1) the "holder of record title" or (2) "at a minimum, . . . the person equitably entitled to the rights in the patent." *Heinemann v. United States*, 620 F.2d 874, 877 (Ct. Cl. 1980).

Title 28, United States Code, section 1498(b) waives the government's sovereign immunity with regards to copyright infringement claims. 28 U.S.C. § 1498(b). Section 1498(b) provides a remedy "whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States." *Id.* In such a case, "the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims." *Id.*

Claims brought pursuant to Section 1498 are subject to a limitations period. Specifically, Section 1498(b) provides that "no recovery shall be had for any infringement of a copyright . . . committed more than three years prior to the filing of the complaint or counterclaim for infringement in the action." 28 U.S.C. § 1498(b). The patent infringement claims brought in this Court are also subject to the six-year statute of limitations under title 28, United States Code, section 2501.[2] 28 U.S.C. § 2501. This Court has also held that the limitations periods applicable to Section 1498 claims are jurisdictional. *See Aviation Software, Inc. v. United States*, 101 Fed. Cl. 656, 662 (2011) (citing *Blueport Co., LLC v. United States*, 533 F.3d 1374, 1380 (Fed. Cir. 2008)). And so, the applicable statute of limitations periods are six years for patent infringement claims and three years for copyright infringement claims that are brought before this Court. 28 U.S.C. § 2501.

---

[2] The Court has held that a patent infringement action arises under Section 1498(a) "when the 'accused [instrumentality] is first available for use, and it is when the use occurs that the license is considered to have been taken.'" *Unitrac, LLC v. United States*, 113 Fed. Cl 156, 160 (2013) (quoting *Decca Ltd. v. United States*, 544 F.2d 1070, 1082 (Ct. Cl. 1976)). And so, the government's alleged ongoing patent infringement cannot justify jurisdiction under Section 1498, "simply because at least one act of infringement has occurred within the statute of limitations period." *Id.* at 161. The Court has also held that a copyright cause of action pursuant to Section 1498(b) "accrues as late as, and the statute of limitations begins to run from, the time of the most recent act of infringement in a series of infringing act." *Wechsberg v. United States*, 54 Fed. Cl. 158, 161 (2002). And so, "[w]hen multiple or successive acts of [copyright] infringement are alleged, the separate accrual rule may be implicated." *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489, 494 (2019); *see also Petrella v. Metro-Goldwyn-Mayer*, 572 U.S. 663, 671-72 (2014) (explaining that, "[u]nder [the separate-accrual rule], when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each new wrong gives rise to a discrete 'claim' that 'accrue[s]' at the time the wrong occurs.").

## IV. LEGAL ANALYSIS

The government has moved to dismiss GTA's patent and copyright infringement claims in this action for failure to state a claim upon which relief can be granted, upon the ground that GTA fails to allege specific facts in the fourth amended complaint to support its claims that certain government agencies, programs, platforms and sensors infringe upon one or more of the claims in the '489 Patent and/or the NINJA.pro Copyright. Def. Mot. at 5-12. In the alternative, the government requests that the Court order GTA to provide a more definite statement regarding its infringement claims. *Id.* at 12.

GTA counters in its response and opposition to the government's motion that the fourth amended complaint contains well-plead factual allegations that explain how the government has infringed upon the '489 Patent and/or the NINJA.pro Copyright. Pl. Resp. at 11-20. And so, GTA requests that the Court deny the government's motion. *Id.* at 20.

For the reasons discussed below, a careful reading of the fourth amended complaint shows that GTA has not sufficiently alleged patent and copyright infringement claims with regards to some of the government agencies, programs, platforms and sensors identified in the fourth amended complaint. And so, the Court **GRANTS-IN-PART** the government's motion to dismiss, or, in the alternative, for a more definite statement.

### A. The Court Grants-In-Part The Government's Motion To Dismiss

To survive the government's motion to dismiss pursuant to RCFC 12(b)(6), the fourth amended complaint must contain factual allegations that are sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the fourth amended complaint, GTA alleges that at least 22 government agencies; [* * *] have infringed upon the '489 Patent and/or the NINJA.pro Copyright. *See generally* 4th Am. Compl. And so, the Court examines the fourth amended complaint to determine whether it contains sufficient factual allegations to explain how each of these agencies, programs, platforms and sensors have infringed upon the patent-in-suit and copyright at issue in this case. *Iqbal*, 556 U.S. at 678-79.

A careful reading of the fourth amended complaint makes clear that GTA has not plausibly alleged patent and/or copyright infringement claims with respect to some of the

government agencies, programs, platforms and sensors that it identifies in that pleading for several reasons.

### 1. GTA Fails To Sufficiently Allege Infringement Claims For Certain Agencies

As an initial matter, a review of the fourth amended complaint shows that GTA has not plausibly alleged patent and copyright infringement claims with regards to several of the government agencies identified in the fourth amended complaint. And so, the Court must dismiss these claims.

In the fourth amended complaint, GTA alleges that:

> [B]y and through at least the National Geospatial-Intelligence Agency ("NGA"), the National Reconnaissance Office ("NRO"), the Department of the Army ("Army"), the Army Distributed Common Ground System ("DCGS" or "DCGS-A"), the Army Night Vision and Electronic Sensors Directorate ("NVESD"), the Army Forces Strategic Command ("ARSTRAT"), the Department of the Air Force ("Air Force"), the Air Force Research Laboratory ("AFRL"), the Air Force Distributed Common Ground System ("AF DCGS"), the Los Alamos National Laboratories ("LANL"), the Department of Energy ("DOE"), the Joint Improvised Explosive Device Defeat Organization ("JIEDDO"), Joint Improvised-Threat Defeat Agency ("JIDA"), the National Air and Space Intelligence Center ("NASIC"), the Department of the Navy ("Navy"), the Navy Space and Naval Warfare Systems Command ("SPAWAR"), the National Ground Intelligence Center ("NGIC"), the Naval Research Laboratory ("NRL"), the U.S. Geological Survey ("USGS"), the U.S. Special Operations Command ("USSOCOM"), and the Defense Advanced Research Projects Agency ("DARPA"), among other presently unidentified departments, branches, and/or agencies (collectively, the "Government"), uses and/or has used software algorithms, code, and systems that utilize the claimed subject matter of the patent-in-suit and infringe at least one claim of the '489 Patent, and/or infringe GTA's registered copyright rights in the NINJA.pro software code.

*Id.* at ¶ 15. But, GTA fails to allege sufficient facts in the fourth amended complaint to support its infringement claims for eight of the aforementioned agencies.

Notably, GTA contends in the fourth amended complaint that ARSTRAT; AF DCGS; JIDA; the Navy; SPAWAR; and NRL have infringed upon the '489 Patent and/or NINJA.pro Copyright. *Id.* But, the fourth amended complaint is devoid of any facts to explain *how* these agencies have infringed upon the patent-in-suit or the copyright at issue. *Id.* In fact, GTA only

11

mentions these agencies in paragraph 15 of the fourth amended complaint. *Id.* The fourth amended complaint also fails to state when the alleged infringing activity occurred with regards to these agencies. *Id.* And so, GTA's factual allegations regarding these agencies are not sufficient to support its infringement claims. *Iqbal*, 556 U.S. at 678-79.

[* * *]. Nor does GTA state when the alleged infringement occurred. *Id.* GTA's infringement claims involving the Defense Intelligence Agency ("DIA") are also problematic. GTA generally alleges that the FSTK software resides on computers used by the DIA and that the GeoReplay software also resides on aircraft used by that agency. *Id.* at ¶¶ 41, 48. But, again, the fourth amended complaint does not contain any facts to explain how the DIA is allegedly using FSTK or GeoReplay to infringe upon the '489 Patent and/or the NINJA.pro Copyright. *Id.* Nor does GTA state when the alleged infringement occurred. *Id.*

Given this, GTA has not plausibly alleged infringement claims involving the aforementioned agencies. And so, the Court agrees with the government that it is appropriate to dismiss GTA's patent and copyright claims with regards to ARSTRAT; AF DCGS; JIDA; the Navy; SPAWAR; NRL; USGS; and DIA, for failure to state a claim upon which relief can be granted. RCFC 12(b)(6); Def. Mot. at 5-6.

The government's request to dismiss GTA's patent and copyright infringement claims involving the remaining 10 government agencies identified in the fourth amended complaint is less persuasive. Def. Mot. at 4-7. A careful reading of the fourth amended complaint shows that GTA has put forward well-plead factual allegations to support its infringement claims involving the NGA; NRO; the Army; DCGS; NVESD; the Air Force; JIEDDO; NASIC; USSOCOM; and DARPA. 4th Am. Compl. at ¶¶ 69-110, 111-13, 118-135, 136-38, 139-151. In fact, GTA has provided specific factual allegations for each of these government agencies that explain how the respective agency has infringed upon its patent and/or copyright and connects each of these agencies to at least one of the eight software programs or packages that GTA alleges infringe upon its patent and/or copyright.[3] *Id.* And so, the Court DENIES the government's motion to

---

[3] GTA alleges that the government has used eight software packages and/or programs to infringe upon its patent and copyright, namely, FSTK; FSTK with PRISM; GeoReplay; GeoReplay with PRISM; GeoReplay-FX; Lobo; HyperSEAL; and GeoMATE. 4th Am. Compl. at ¶ 35.

dismiss with regards to GTA's infringement claims involving the NGA; NRO; the Army; DCGS; NVESD; the Air Force; NASIC; USSOCOM; JIEDDO; and DARPA.

### 2. GTA Fails To Sufficiently Allege Infringement Claims For Certain Programs

GTA similarly fails to sufficiently allege infringement claims with regards to several of the government programs identified in the fourth amended complaint. In the fourth amended complaint, GTA alleges that the government's infringing activity involves at least [* * *] government programs including: [* * *]. But, GTA does not provide sufficient factual allegations to support its infringement claims for the majority of these programs. Notably, GTA provides no facts to support its claims that the [* * *] programs have infringed upon the '489 Patent and/or NINJA.pro Copyright. *Id.*

The allegations in the fourth amended complaint regarding the [* * *] programs also lack sufficient factual support. [* * *]. GTA fails to either: (1) explain how the government is using these programs to infringe upon the '489 Patent and/or the NINJA.pro Copyright; (2) state when the alleged infringing activity associated with these government programs occurred; or (3) state whether these programs are connected to any of the eight software packages or programs that GTA contends infringe upon its patent and copyright. *Id.* And so, the Court must also dismiss GTA's infringement claims involving the [* * *] pursuant to RCFC 12(b)(6).

GTA's infringement claims regarding the remaining government programs identified in the fourth amended complaint—[* * *]—are on much firmer ground. The fourth amended complaint contains specific factual allegations for each of these programs that: (1) describe how the program infringes upon GTA's patent and copyright; (2) connects each program to at least one of the eight software programs that GTA maintains infringe upon the patent-in-suit or copyright at issue; and (3) states when the alleged infringing activity occurred. [* * *]. Given this, the Court DENIES the government's motion to dismiss with respect to GTA's infringement claims involving these programs. RCFC 12(b)(6).

### 3. GTA Fails To Sufficiently Allege Infringement Claims For Certain Platforms

The Court must also dismiss GTA's infringement claims involving [* * *] platforms identified in the fourth amended complaint. GTA alleges that [* * *]. But, again, GTA has not

13

provided sufficient factual support for its infringement claims involving most of these platforms. The fourth amended complaint does not contain any facts to explain how the [* * *] platforms infringe upon the '489 Patent and/or NINJA.pro Copyright. *Id.* And so, the Court must dismiss GTA's infringement claims involving the [* * *] platforms for failure to state a claim upon which relief can be granted. RCFC 12(b)(6).

GTA has, however, provided well-plead factual allegations to support its infringement claims involving the [* * *].[4] GTA identifies the [* * *] and the fourth amended complaint contains factual allegations that connect the use of this platform to several software packages or programs that GTA alleges infringe upon the patent-in-suit and copyright at issue. 4th Am. Compl. [* * *]. GTA also states that the government's alleged infringing activity associated with this platform occurred [* * *].

GTA similarly alleges plausible infringement claims involving [* * *]. GTA also identifies the government agency that developed [* * *]; states when the government's alleged infringing activity associated with this platform occurred; and connects [* * *] platform to at least one of the alleged infringing software programs or packages at issue in this case, namely, FSTK, GeoReplay and Lobo. [* * *]. Given this, GTA has sufficiently alleged infringement claims involving the [* * *] platform. And so, the Court DENIES the government's motion to dismiss with respect these platforms.

### 4. GTA Fails To Sufficiently Allege Infringement Claims For Certain Sensors

The government also persuasively argues that GTA has not sufficiently alleged infringement claims with regards to certain sensors identified in the fourth amended complaint. Def. Mot. at 9-10. GTA alleges that "the sensors and systems associated with the Government's actionable infringing activity include, without limitation, [* * *]. But, the fourth amended complaint contains only a cursory mention of the [* * *]. Indeed, GTA otherwise provides *no* facts to support its infringement claims involving these sensors. *Id.* And so, the Court must dismiss GTA's claims involving the [* * *]. RCFC 12(b)(6).

---

[4] GTA refers to the [* * *] of the fourth amended complaint and refers to the [* * *] of the fourth amended complaint. 4th Am. Compl. at [* * *].

GTA persuasively argues, however, that it has provided sufficient factual allegations to support its infringement claims regarding the remaining [* * *] sensors identified in the fourth amended complaint. The fourth amended complaint contains specific factual allegations regarding the [* * *] that: (1) describe how the government used these sensors to infringe upon its patent and/or copyright; (2) connect these sensors to at least one of the eight software packages or programs that GTA maintains infringe upon the patent-in-suit or copyright at issue; and (3) state when the government's alleged infringing activity associated with these sensors occurred. [* * *]. For these reasons, the Court DENIES the government's motion to dismiss with respect to these sensors.

### B. GTA Must Provide A More Definite Statement

As a final matter, a careful reading of the fourth amended complaint also makes clear that GTA must provide a more definite statement regarding its infringement claims involving certain other governmental agencies, programs and sensors that the Court declines to dismiss from this litigation. *See* RCFC 12(e); *see also Gal-Or v. United States*, 93 Fed. Cl. 200, 205 (2010) (The Court may order a more definite statement of a claim, if the complaint is "so vague or ambiguous that the [United States] cannot reasonably prepare a response."). In the Court's Order resolving the parties' cross-motions to compel certain discovery in this case, dated March 26, 2020, the Court defined the term "Government" to mean, among other things, the "Defendant United States of America, its employees, officials, agents, independent contractors, attorneys, representatives and affiliated persons or entities in the" Air Force Research Laboratory; the National Ground Intelligence Center; the Department of Energy; and Los Alamos National Laboratory. *See generally* Discovery and Scheduling Order, dated March 26, 2020. But, the fourth amended complaint is devoid of any facts to explain how the NGIC and LANL have infringed upon the patent-in-suit or copyright at issue. 4th Am. Compl. at ¶¶ 15, 52. The fourth amended complaint also lacks factual allegations that connect the alleged infringing activity involving these two agencies to any of the software packages and programs that GTA alleges infringe upon its patent and/or copyright. *Id.* (mentioning NGIC and LANL in passing). In

addition, GTA fails to state when the government's alleged infringing activity at these two agencies occurred.[5] *Id.*

GTA's allegation that the Department of Energy [* * *] infringes upon the '489 Patent and/or NINJA.pro Copyright is equally vague. [* * *]. GTA neither explains how the DOE [* * *] infringe upon its patent and/or copyright, nor connects the alleged infringing activity associated with the DOE [* * *] to any of the eight software packages or programs that it alleges infringe upon its patent and/or copyright. *Id.* GTA also fails to state when the alleged infringing activity involving the DOE [* * *] occurred. *Id.*

Given this, GTA's allegations of infringement with regards to the NGIC; LANL; and DOE are so vague and ambiguous that the government cannot reasonably prepare a response. RCFC 12(e). And so, GTA must provide a more definite statement with regards to NGIC; LANL; and DOE that: (1) explains how these agencies have infringed upon the patent-in-suit or copyright at issue; (2) states when the government's alleged infringing activity at these agencies occurred; and (3) states whether the alleged infringing activity at these agencies is connected to any of the software packages and programs that GTA alleges infringe upon its patent and/or copyright. RCFC 12(e).

GTA must also provide a more definite statement regarding its claim that the Air Force Research Laboratory has infringed upon the patent and/or copyright at issue in this case. As discussed above, the Court included the AFRL in the definition of the term "Government" for discovery purposes in this case. *See generally* Discovery and Scheduling Order, dated March 26, 2020. But, the fourth amended complaint lacks any facts to explain *how* the AFRL, [* * *] infringe upon the patent and/or copyright at issue. [* * *]. Given this, the government cannot reasonably prepare a response to GTA's infringement claims. RCFC 12(e). And so, GTA must also provide a more definite statement with regards to the AFRL that: (1) explains how this agency has infringed upon the patent-in-suit or copyright at issue and (2) states whether the alleged infringing activity at the AFRL is connected to any of the software programs or packages that GTA alleges infringe upon its patent and/or copyright. *Id.*

---

[5] During the March 25, 2020, hearing on the parties' cross-motions to compel, the government indicated that it would provide responsive documents and respond to interrogatories related to GTA's infringement claims involving LANL. Tr. at 20:12-20:17.

Lastly, GTA must provide a more definite statement to support its infringement claims involving the [* * *]. In the fourth amended complaint, GTA alleges that the United States National Geospatial-Intelligence Agency and certain contractors processed spectral imagery using FSTK and GeoReplay with PRISM and/or or Lobo, [* * *]. But, GTA does not state when this alleged infringing activity occurred. *Id.* And so, GTA must provide a more definite statement providing this information. RCFC 12(e).

## V.     CONCLUSION

In sum, a careful reading of the fourth amended complaint in this patent and copyright infringement action makes clear that GTA has not plausibly alleged infringement claims with regards to: ARSTRAT; AF DCGS; JIDA; the Navy; SPAWAR; NRL; USGS; DIA; [* * *]. And so, the Court must dismiss these claims. RCFC 12(b)(6). A review of the fourth amended complaint also makes clear that GTA must provide a more definite statement for its infringement claims regarding NGIC; LANL; DOE; AFRL; and the [* * *]. RCFC 12(e).

And so, for the foregoing reasons, the Court:

1. **GRANTS-IN-PART** the government's motion to dismiss, or, in the alternative, for a more definite statement.

2. **DISMISSES** GTA's patent and copyright infringement claims involving ARSTRAT; AF DCGS; JIDA; the Navy; SPAWAR; NRL; USGS; DIA; [* * *].

3. **ORDERS** GTA to provide a more definite statement, on or before **June 30, 2020**, that:

    a) With regards to NGIC; LANL; and DOE: (1) explains how these agencies have infringed upon the patent-in-suit or copyright at issue; (2) states when the government's alleged infringing activity occurred at these agencies; and (3) states whether the alleged infringing activity at these agencies is connected to any of the software packages and programs that GTA alleges infringe upon its patent and/or copyright;

    b) With regards to AFRL: (1) explains how this agency has infringed upon the patent-in-suit or copyright at issue and (2) states whether the alleged

        infringing activity at the AFRL is connected to any of the software packages and programs that GTA alleges infringe upon its patent and/or copyright; and

    c) With regards to the [* * *], states when the government's alleged infringing activity involving these sensors occurred.

4. The government shall **ANSWER**, or otherwise respond to, GTA's amended complaint on or before **July 31, 2020**.

Some of the information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered in this matter on August 13, 2019. This Memorandum Opinion and Order shall therefore be filed **UNDER SEAL**. The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication. The parties shall **FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction on or before **June 30, 2020**.

    **IT IS SO ORDERED.**

                                  s/ Lydia Kay Griggsby
                                  LYDIA KAY GRIGGSBY
                                  Judge