## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GEOSPATIAL TECHNOLOGY ASSOCIATES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 16-346 C <br><br><br> Senior Judge Eric G. Bruggink |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTION FROM UNDULY BURDENSOME DUPLICATIVE DISCOVERY REQUESTS

Defendant, the United States (the "Government"), hereby offers the following Reply in Support of its Motion for an Order of Protection from Plaintiff, Geospatial Technology Associates, LLC's ("GTA"), unduly burdensome and duplicative Eighth Set of Requests for Production ("Eighth Set of Requests"). On August 15, 2022, GTA filed its Opposition to the Government's Motion for Protection ("Opposition"). Dkt. 317. In its Opposition, GTA fails to show that its Eight Set of Requests are not duplicative but rather appears to agree with the Government's contention that any concerns regarding the Government's document production should be addressed by alternative means, namely a motion to compel responses to existing requests, not abusive and redundant new discovery requests.

### ARGUMENT

It is clear from GTA's Opposition that its Eight Set of Requests were served not to expand the scope of discovery but rather because GTA believes the Government's document production is insufficient.[1] Dkt. 317 at 1. However, as discussed in the Government's Motion,

---

[1] GTA argues that the small amount of documents produced demonstrates lack of burden. Dkt. 317 at 1, 3. That argument is misguided. Simply put, there is no relationship between the burden required to locate documents and the number of documents ultimately produced. For example: it may take extraordinary effort to search for the proverbial "needle in a haystack,"

redundant and abusive discovery requests should not be allowed to address this supposed concern. GTA's Eighth Set of Requests are cumulative and duplicative of many prior requests and GTA has failed to show otherwise.

While ostensibly a response to the Government's Motion, GTA's Opposition is largely a reiteration of arguments in support of its pending Motion to Compel. *See* Dkt. 317 at 1 & n.1 ("[a]s explained in GTA's co-pending motion to compel," and footnote summarizing the co-pending motion arguments), 2 n.3, 3 & n.4, 6, and 10 & n.7 (reiterating co-pending motion arguments).

**I.     The Government has shown good cause for its requested relief.**

In its Opposition GTA claims that the requested protection should be denied because the Government failed to show good cause. *See* Dkt. 317 at 7. GTA has served over 400 Requests, many of which duplicate prior requests or proport to expand the scope of prior request. *See* Dkt. 314 at 24. The excessive number of requests alone demonstrates that the burden to respond is substantial. Further, the Government has shown that the Eighth Set of Requests are "unreasonably cumulative or duplicative" as many of them are straight "copy and paste" iterations of prior Requests. *See* Dkt. 314 at 8-23. Responding to these duplicative Requests, both preparing the written response as well as coordinating with the multiple Government agencies involved in this litigation, would place a substantial undue burden on the Government. *See e.g.*, Dkt. 314 Ex. J (Objections and Responses to GTA's Seventh Set of Requests for Production of Documents includes twenty pages where the Government identified how each Request was cumulative and duplicative). Indeed, GTA readily admits that it intended many of its latest requests to be broader versions of previous requests and therefore duplicate the early

---

such as a single document in a large collection that is not indexed, but comparatively little effort to produce 10,000 documents from an electronic database.

requests that are subsumed by the broader request.  *See* Dkt. 317 at 4.

Pursuant to the Rule 26(b)(1), the scope of discovery must be "proportional to the needs of the case."  Further, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" are considered when determining if the scope is proper.  RCFC 26(b)(1).  GTA's duplicative Eighth Set of Requests are neither "proportional" nor important to the remaining limited issues in this case and the burden on the Government greatly outweighs any limited benefit.  GTA's over 400 Requests are excessive, that GTA concedes the latest requests re-plow old ground renders the Requests an undue burden.

**II.    Request Nos. 387 – 392 are not broader than previous requests.**

In its Opposition GTA claims that Request Nos. 387 – 392 are "intended to capture unclassified responsive information that the government may have contended fell outside the scope of GTA's prior document requests but that, per the Secretary of Defense's declaration, is nevertheless relevant to this litigation."  Dkt. 317 at 4.  GTA claims that Request Nos. 387 – 392 are not "limited" to the software products at issue in the litigation and are therefore "broader than GTA's previous requests."  *Id.* at 8.  First, contrary to GTA's claim, the categories of information detailed in the Secretary's invocation of the State Secrets Privilege do not outline what is "relevant to this litigation."[2]  Rather, as stated in the Secretary's Declaration, the categories of information detail what is excluded.  *See* Dkt. 249 Ex. A ¶ 14.  Second, the Government has previously objected to GTA's use of overly broad and unduly burdensome

---

[2] This argument is unsupported and illogical.  The categories of classified information in the Secretary's Declaration detail the scope of the privilege invoked.  *See* Dkt 249 Ex. A ¶ 14.  But that does support a conclusion that unclassified information exists within those categories, nor does it support a conclusion that any unclassified information that may exist would necessarily be relevant.

3

definitions and the accompanying discovery requests.  *See* Dkt. 123 at 12-14.  In the Court's March 26, 2020 Discovery and Scheduling Order, Dkt. 143 at 3, the Court provided definitions that were more limited in scope, specifically: "[t]he terms 'software package,' 'information device,' 'OBISR software package,' and 'OBISR software' shall mean 'the software that GTA has specifically identified: FSTK, FSTK with PRISM, GeoReplay, GeoReplay with PRISM, GeoReply-FX, Lobo, HyperSEAL, and GeoMATE.'"  That Order remains in effect and, therefore, the scope of the Government's responses remain governed by the Order's definitions, and GTA should not be permitted to circumvent the order by defining terms differently in subsequent document requests.

Further, as discussed above, pursuant to Rule 26(b)(1), "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" are elements that define the scope of discovery.  The duplicative and overly broad discovery requested by Request Nos. 387 – 392 has little to no importance to the remaining issues, only five patent claims remain and even if the copyright claims go forward, numerous questions remain regarding the validity of the copyright and what "version" of NINJA.pro was assigned to GTA.  *See* Dkt. 318-1 at 6 n.1, 13.  Thus, the burden on the Government clearly outweighs whatever limited benefit a broadened set of Requests may have.  Request Nos. 387 – 392 are duplicative of prior Requests and GTA's inappropriate reliance on the Secretary's Declaration should be disregarded.

**III.    GTA concedes that Request Nos. 393 – 403 are duplicative.**

In its Opposition GTA "concedes that [Request Nos. 393 – 403] would be duplicative of prior requests and is willing to withdraw them" if the Government's representations are true.  Dkt. 317 at 2.  And, in that event, GTA's position is that the Court should "deny the motion as moot as to Request Nos. 393 – 403."  *Id.*  However, since it appears that GTA is only willing to

4

withdraw these duplicative Requests "if the government's deficient responses to its earlier requests are cured through execution of a reasonable search," *id.* at 4 n.5, the Government's position is that it remains necessary for the Court to grant its Motion and quash these Requests, along with the rest of the Eighth Set of Requests.

**IV.   The Government's responses to previous requests show that Request Nos. 404 – 412 are duplicative.**

As discussed in the Government's Motion, Request Nos. 404 – 412 request the same scope of information as many previous requests.  *See* Dkt. 314 at 19-24.  In its Opposition, GTA fails to address the duplicative nature of these Requests.  Rather, GTA claims that "[b]ecause the government has refused to identify its document custodians it cannot show that requests targeting these specific custodians are duplicative or cumulative of GTA's previous requests." Dkt. 317 at 10.  This is simply not true.  The identity of specific Government employees is irrelevant to the question of whether Request Nos. 404 – 412 are duplicative of the prior Requests identified in the Government's Motion.  The Government will address GTA's allegations regarding custodians[3] in its Opposition to GTA's Motion to Compel.

As shown in Section III of the Government's Motion, the individual Government employees identified in Request Nos. 404 – 410 are either NGIC or NGA employees and both NGIC and NGA are identified as custodians to be searched in response to nearly all of GTA's prior Requests.  *See e.g.,* Dkt. 314 Ex. D at 3 ("The terms 'government,' 'you,' and 'your' shall mean . . . 'NGIC' . . . 'NGA'"), 72 (Response to Request No. 70 "the government is performing a

---

[3] Here, it is sufficient to note that GTA misconstrues the nature of the Government's objections as being solely related to the attorney-client privilege or attorney work product doctrine.  Dkt. 317 at 10 n.7.  GTA ignores the Secretary's invocation of the state secret privilege and the statutory privilege against disclosure of the "organization or any function of an organization" or the name or certain other information relating to employees of the Defense Intelligence Agency, the National Reconnaissance Office, or the National Geospatial-Intelligence Agency.  *See* Dkt. 249 Ex. A; 10 U.S.C. § 424.

5

search of documents under the control of the agencies identified in the Court's definition of 'Government'"), 99 (Response to Request No. 87 "the government is performing a reasonable search of documents under the control of the agencies identified in the Court's definition of 'Government'").  Additionally, duplicative Request Nos. 404, 405, and 410 identify specific Government employees who are also identified by name in prior Requests, seeking the same scope of information.  *See* Dkt. 314 at 19, 22.  GTA's alleged concerns regarding the Government's document production fail to provide a justification for its unduly duplicative discovery requests.

      GTA also fails to address the fact that Request Nos. 411 and 412 identify employees of The MITRE Corporation, not Government employees, and are duplicative of GTA's subpoena to MITRE.  Therefore, the Court may conclude that GTA concedes that Request Nos. 411 and 412 are duplicative and should be quashed.

      GTA's Eighth Set of Requests do not expand the scope of information previously sought and are unduly duplicative and cumulative.  The Government has shown good cause for its requested relief from this abusive discovery practice.

## CONCLUSION

For the reasons stated above, the Government respectfully requests the Court grant its Motion and quash GTA's Eighth Set of Requests.

                              Respectfully submitted:

                              BRIAN M. BOYTON
                              Principal Deputy Assistant Attorney General

                              GARY L. HAUSKEN
                              Director

                              s/ Jenna Munnelly
                              JENNA MUNNELLY
                              Trial Attorney
                              Commercial Litigation Branch
                              Civil Division
                              Department of Justice
                              Washington, DC 20530
                              Email: jenna.e.munnelly@usdoj.gov
                              Telephone:   (202) 616-1061
                              Facsimile:    (202) 307-0345

Dated:  August 22, 2022